## C. M. Graves v. The State.

No. 13486. Delivered June 18, 1930.
Reported in 31 S. W. (2d) 455.

The opinion states the case.

*W. R. Parker* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The record contains three bills of exception. None of the points raised are briefed. The first bill complains of the court's charge on principals. The charge followed the usual form and seems not open to the objection leveled thereat. The next bill of exception sets out objections to testimony of an officer as to what he found upon appellant's premises, the objection being that the affidavit for search warrant was signed by only one affiant, and that the search was illegal and void and in contravention of the laws of this State. The building was the barn of appellant which was located quite a distance away from his house. We think the search warrant properly issued upon the affidavit of one person. The barn was specifically named in the affidavit. It was not within the curtilage. The search was made by virtue of the warrant, and the testimony was not obtained in any way contrary to law.

The remaining bill of exception was to testimony showing that on that night after the arrest of appellant, and some hours thereafter, one David Lamb drove up to appellant's said barn in an auto-

mobile truck in which were located a lot of barrels charred on the inside, also a quantity of yeast cakes. We think that the objection that this occurred out of the presence of appellant gave no validity to same. Such testimony had probative force as a circumstance showing the manufacture of intoxicating liquor. The officers found thirty tanks of mash and a number of kegs of whiskey. The evidence seems beyond controversy. The lowest penalty was inflicted.

The judgment will be affirmed.

*Affirmed.*